**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4876**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

STANCIL FORD SHELLEY, JR.,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:11-cr-02242-TLW-1)

_____

Submitted:  June 27, 2013              Decided:  July 18, 2013

_____

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

_____

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

_____

William White, James W. Parkman, III, PARKMAN & WHITE, LLC,
Birmingham, Alabama, for Appellant.  William N. Nettles, United
States Attorney, John C. Potterfield, Assistant United States
Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Stancil Ford Shelley pled guilty to one count of mail fraud, in violation of 18 U.S.C.A. § 1341 (West Supp. 2013) and 18 U.S.C. § 2 (2006). The district court sentenced Shelley to twenty months' imprisonment and ordered him to pay restitution in the amount of $945,953.39. Shelley timely appeals, arguing that trial counsel's ineffective assistance rendered his guilty plea involuntary and challenging the restitution order. For the reasons that follow, we affirm in part and dismiss in part.

Shelley seeks to overturn his guilty plea, asserting that he was innocent and pleaded guilty only upon counsel's faulty advice.[*] Claims of ineffective assistance of counsel should be raised in a 28 U.S.C.A. § 2255 (West Supp. 2013) motion rather than on direct appeal, unless the appellate record conclusively demonstrates ineffective assistance. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Because the record here does not conclusively show that counsel was constitutionally ineffective, we decline to review this claim on direct appeal.

---

[*] Shelley concedes that, in accepting his guilty plea, the district court fully complied with the requirements of Rule 11 of the Federal Rules of Criminal Procedure.

Next, Shelley seeks to challenge the district court's restitution order. In the plea agreement, Shelley waived his right to appeal his conviction or sentence except in the case of ineffective assistance or prosecutorial misconduct.

A restitution order is an aspect of a criminal defendant's sentence. United States v. Cohen, 459 F.3d 490, 496-97 (4th Cir. 2006). Therefore, a defendant who knowingly and explicitly agrees to a waiver of all rights to appeal his sentence has generally waived the right to appeal restitution. Id. However, federal courts have no "inherent authority to order restitution, [but instead] must rely on a statutory source." Id. at 498. Because a restitution order in excess of that statutorily granted authority "is no less illegal than a sentence of imprisonment that exceeds the statutory maximum, appeals challenging the legality of restitution orders are similarly outside the scope of a defendant's otherwise valid appeal waiver." Id. (internal quotation marks omitted).

Here, Shelley argues that the district court erred by failing to identify the statute under which it ordered restitution or establishing a record for "meaningful appellate review on the issue of restitution." (Appellant's Br. at 18). At its core, Shelley's argument challenges the substance of the restitution order rather than the district court's statutory authority to order restitution. Such an argument falls within

3

the scope of the appeal waiver.  We therefore dismiss the appeal to the extent that it seeks review of the restitution order.

We therefore affirm Shelley's conviction.  We dismiss the portion of the appeal challenging the restitution order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>

4